**Svetlana GRIGORYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–70341.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 13, 2007.

Asbet A. Issakhanian, Esq., Glendale, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., Lisa W. Edwards, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Svetlana Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's denial of her application for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition.

Substantial evidence supports the BIA's finding that petitioner failed to satisfy her burden of showing that she experienced past persecution or a well-founded fear of future persecution in Armenia. *See id.* at 482–84, 112 S.Ct. 812.

Because petitioner failed to establish eligibility for asylum, it follows that she failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the BIA's denial of CAT relief because petitioner failed to show that it was more likely than not that she will be tortured if returned to Armenia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 316–3.